## CONSOLIDATED COAL COMPANY

*v.*

## KEYSTONE CHEMICAL COMPANY.

| 54 | 309 |
| 64 | 623 |

1. A bookkeeper, in the regular employ of a corporation, is entitled to the lien given by statute for his services.

2. The fact that the claimant was also a director of the corporation, under the circumstances, does not affect his rights.

In insolvency. On claim of Frank P. Bailey, an employe, for preferential payment of his claim.

*Mr. James E. Hays,* for the receiver.

*Mr. Howard Carrow,* for the claimant.

*Mr. C. V. D. Joline* and *Mr. Norman Grey,* for the creditors.

PITNEY, V. C.

The claimant was an employe of the insolvent company, in the capacity of bookkeeper. He entered the employ of the company on the 1st of January, 1895, at a salary of $2,000 a year. A receiver of the company was appointed, upon a decree of insolvency, on the 12th of March, 1896. At that time there was due to the claimant $225.76, which amount he asked to be paid in full, under the act of 1892. *P. L. of 1892 p. 426.*

The claim is resisted on the ground that the claimant was, during the time the amount was being earned, a director of the company. It appears that in the latter part of 1895 there was a vacancy in the board of directors, and the other directors, for the purpose of filling it, transferred to Mr. Bailey sufficient shares of stock to make him competent for that purpose, and elected him a director, and he served as such from that time forward.

He had no pecuniary interest in the concern and paid nothing for his stock.

The claim is resisted on the authority of *England's Executors* v. *Beatty Organ Co., 14 Stew. Eq. 471.* In that case, Vice-Chancellor Bird rejected a claim for preference in favor of the president of the corporation, on the ground that he was not within the purview of the act giving such preference. The act then in force is found on page 188 of the Revision, section 63 of the Corporation act. The learned vice-chancellor based his opinion upon the ground that the president was not a "laborer in the employ of the corporation." The act of 1892 is a little broader in its language than that of the original section 63 of the Corporation act. Instead of the words "the laborers in the employ thereof," we have in the later act the words "*the laborers and workmen and all persons doing labor or service of whatever character in the regular employ of such corporation* shall have a first and prior lien" &c.

Now, I can very well see how a president of a corporation, under the old act, could not be held to be a "laborer in the employ of the corporation." His work might be merely supervisory in its character, and not include any service involving labor. But a bookkeeper's services do involve labor in the strict sense of that word; hence, a bookkeeper is a laborer. Besides, the language of the latter act says, "labor or service of whatever character in the regular employ" &c. So that I think that the claimant in this case comes strictly within the language of the act; and I further think that the fact that he was a director, under the circumstances, does not alter the case so far as to bring it within the spirit of the judgment of Vice-Chancellor Bird, just cited. He was not an employer of himself in any proper sense of that word.

I think he is entitled to preference, and will so advise.